**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-11535**
**Non-Argument Calendar**
_____

D. C. Docket No. 01-00073-CV-WLS-6

URLIC BURGEST,

                                        Plaintiff-Appellant,

ELLIOT T. WALKER,

                                        Consol. Plaintiff-Appellant,

                        versus

COLQUITT COUNTY, GEORGIA,
JACK LANIER, individually
and as Sheriff of Colquitt County,
Georgia,
RICKY BRYANT, Individually and as
the Commanding Officer of the
Colquitt County Drug Task Force,
MALYNDA COPELAND, Individually
and as an Investigator with the
Colquitt County Drug Task Force,
JOEL GRIM, Individually and as a
Deputy and Drug Task Force Officer,
Colquitt County Drug Task Force, et al.,

                                        Defendants-Appellees.

_____

**Appeals from the United States District Court
for the Middle District of Georgia**
_____

**(December 23, 2005)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Urlic Burgest, through counsel, and Elliott T. Walker, proceeding *pro se*, appeal the district court's grant of summary judgment in their action brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Burgest and Walker initiated this action against (1) Colquitt County, Georgia; (2) Al Whittington, in his official capacity as sheriff of Colquitt County; (3) Jack Lanier, in his individual capacity and official capacity as former sheriff of Colquitt County; (4) Ricky Bryant, individually and in his official capacity as commanding officer of the Colquitt County drug task force; (5) Malynda Copeland, in her individual capacity and official capacity as an investigator with the drug task force; and (6) Joel Grim, individually and in his official capacity as the commanding officer of the drug task force.

Burgest and Walker alleged that Copeland stopped a car driven by Walker because the car's headlights were malfunctioning. Burgest was a passenger in the

2

car. During the stop, Walker admitted to Copeland that his headlights were not working properly. Copeland asked Walker to step out of the car, and, at about the same time, Grim arrived with a drug sniffing canine. Copeland asked for Walker's permission to walk the dog around the car, and Walker consented. However, Walker claims that Copeland told him she would let him go if he allowed the drug dog to sniff around his car one time and if the dog did not alert to the presence of drugs.

Burgest and Walker both alleged that Copeland and Grim walked the drug dog around the car several times and allowed the dog to search the interior of the car, but the dog did not alert to the presence of drugs. Grim placed the dog back in his car, and he and Copeland manually searched Walker's car. Copeland and Grim discovered a substance in the car that field-tested positive for cocaine and arrested Burgest and Walker for possession of cocaine. Burgest and Walker alleged that Copeland and Grim fabricated the evidence.

Burgest and Walker were charged with possession of cocaine and remained incarcerated for a period of time because they were denied bail. The charges were subsequently dismissed due to lack of evidence.[1]

In their suits, which were consolidated, Burgest and Walker alleged that: (1)

---

[1] The Georgia Bureau of Investigation concluded that the substance that Copeland and Grim discovered in Walker's vehicle contained only trace amounts of cocaine.

the County, Lanier, Whittington, and Bryant negligently failed to instruct, supervise, control, and discipline Copeland and Grim, which resulted in a violation of their constitutional rights; (2) under 42 U.S.C. §§ 1983, 1985(2), and 1986, the County, Lanier, Whittington, Bryant, Copeland, and Grim violated their Fifth, Sixth, and Fourteenth Amendment rights as a result of the search, arrest, and prosecution; (3) Copeland and Grim violated their rights, pursuant to § 1983, by maliciously arresting them; (4) Copeland and Grim further violated their rights, pursuant to § 1983, by maliciously prosecuting them; and (5) the County violated state law by failing to perform its duties.

Burgest and Walker argue on appeal that in granting summary judgment, the district court found that the defendants discovered drugs in Walker's car and that probable cause existed, but that these findings were beyond the scope of summary judgment as they disputed these facts. They contend that the issues of material fact that still remain are: (1) whether the drug dog alerted to the presence of drugs in Walker's car; (2) whether Copeland and Grim actually found drugs in Walker's car; and (3) whether Burgest possessed any drugs.

We review the grant of a motion for summary judgment *de novo*. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1242-43 (11th Cir. 2003) (per curiam). "Summary judgment is appropriate if the evidence establishes no

4

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. at 1243 (internal quotations omitted). We "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal marks and quotations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show – that is, point out to the district court – that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." *Fitzpatrick*, 2 F.3d at 1116 (internal marks and quotations omitted).

If the moving party fails to overcome this initial burden, "the motion [for summary judgment] must be denied and the court need not consider what, if any,

5

showing the non-movant has made." *Id*. However, if the moving party overcomes the initial burden, then the non-moving party must "show the existence of a genuine issue as to [a] material fact." *Id*. Simply denying the allegations set forth by the moving party will not suffice to overcome the motion for summary judgment. *See* Fed. R. Civ. P. 56(e) (stating that a "party may not rest upon mere allegations or denials of the adverse party's pleading[.]") Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

Here, Burgest and Walker argue that three issues of material fact remain: (1) whether the drug dog alerted to the presence of drugs in Walker's car; (2) whether Copeland and Grim actually found drugs in Walker's car; and (3) whether Burgest possessed any drugs. However, Copeland and Grim produced evidence that the drug dog alerted to the presence of drugs on its first pass around the vehicle and that they discovered a substance in the vehicle that field-tested positive for cocaine. In response, Burgest and Walker offered nothing more than conclusory allegations that the dog did not alert and that Copeland and Grim fabricated the evidence. As we stated in *Kingsland v. City of Miami*, 382 F.3d 1220, 1227 n.8 (11th Cir. 2004), we "need not entertain conclusory and unsubstantiated allegations of fabrication of

6

evidence." Therefore, Burgest and Walker have not demonstrated that any material issues of fact exist, and the district court properly granted summary judgment as to all claims.

We also agree with the district court's reasoning that summary judgment in favor of the defendants as to all claims was appropriate, based on its conclusions that: (1) Colquitt County is entitled to Eleventh Amendment immunity from Burgest's and Walker's § 1983 claims, as Burgest and Walker failed to show that the County employed a policy or custom that caused constitutional harm; (2) Lanier, Whittington, Bryant, Copeland, and Grim are entitled to Eleventh Amendment immunity from the § 1983 claims brought against them in their official capacities; (3) Lanier, Bryant, Copeland, and Grim are entitled to qualified immunity from the § 1983 claims brought against them in their individual capacities; and (4) Lanier, Whittington, Bryant, Copeland, and Grim are entitled to official immunity from the state law claims brought against them; (5) Colquitt County is entitled to sovereign immunity from the state law claims brought against them; and (5) Burgest and Walker failed to establish their claims under §§ 1981, 1985, and 1986.[2]

---

[2]Burgest also mentions the district court's denial of his motion to reconsider the striking of a second affidavit in support of his brief. Because he offers no argument related to this issue on appeal, it is deemed abandoned. *See Love v. Deal*, 5 F.3d 1406, 1407 n.1 (11th Cir. 1993).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.  Accordingly, we affirm.

**AFFIRMED.**